

**ORDERED in the Southern District of Florida on April 25, 2011.**

_____
**Raymond B. Ray, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                                    CASE NO. 10-42604-RBR
                                                                          CHAPTER 11
CARPENTER CONTRACTORS                                                     (Jointly Administered)
OF AMERICA, INC., d/b/a R & D THIEL, et al,

               Debtors.
_____/

### ORDER AWARDING FIRST INTERIM APPLICATION FOR FEES AND COSTS BY JOHNSON & BELL, LTD. AS SPECIAL COUNSEL FOR THE CHAPTER 11 DEBTOR

THIS CAUSE came before the Court for hearing on April 15, 2011 at 9:30 a.m. upon the *First Interim Application for Fees and Costs by Johnson & Bell, Ltd. as Special Counsel for the Chapter 11 Debtor* (the "Application") (DE #299) filed by Johnson & Bell, Ltd. (the "JB" or "Applicant"). By way of the Application, JB seeks compensation of $7,885.00 and reimbursement of costs in the amount $84.83, for a total award of $7,969.83 for the period of October 25, 2011 through February 22, 2011.

There having been no objections filed and the Court being otherwise fully advised in the premises finds that the following allowances are reasonable under the applicable provisions of

the Bankruptcy Code.  Accordingly, it is

      **ORDERED and ADJUDGED as follows:**

      1.      JB, as Special Counsel for the Chapter 11 Debtor, is awarded $7,885.00 in fees, representing 100% of the total fees requested, and $84.83 in costs, representing 100% of the total costs requested, for a total amount of $7,969.83 for the First Interim Period.

      2.      In allowing the foregoing fees, the Court has considered the criteria in 11 U.S.C. Sections 326 and 330 and the requirements of Bankruptcy Rule 2016 in light of principles stated in *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546 (1986); *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhard,* 461 U.S. 424, 433 (1983); each of the factors that govern the reasonableness of fees as set forth in *Matter of First Colonial Corp. of America*, 544 F. 2d 1291 (5th Cir. 1977), and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).  Specific findings and a statement of the facts and considerations supporting each of these conclusions have been omitted in the interest of brevity but will be prepared and filed at the request of any party if received by this Court within ten (10) days after the entry of this Order.

      3.      This Order is without prejudice to JB's right to seek payment at a later date of any holdbacks on Interim Orders.

      4.      Jurisdiction is reserved to consider further Interim and Final Applications for Compensation by JB.

      ###

Submitted by:
Chad P. Pugatch, Esq.
Rice Pugatch Robinson & Schiller P.A.
101 NE Third Ave., Suite 1800
Ft. Lauderdale, FL 33301
954-462-8000
954-462-4300 (fax)

Copy to:
Chad P. Pugatch, Esq.

Attorney Pugatch is directed to serve a conformed copy of this order, immediately upon receipt, on all parties listed on the Master Service List immediately upon receipt and to file a certificate of service with the Court.